378 So.2d 113 (1980)
Dario J. ICARDI et al., Appellant,
v.
NATIONAL EQUIPMENT RENTAL, INC., Appellee.
No. 78-1087/T4-114.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
Aldo Icardi, pro se.
Jack H. Zinkow, Orlando, for appellee.
PER CURIAM.
Appellee obtained a Final Money Judgment against Appellant and issued Writ of Execution and levied upon Appellant's corporate stock (not membership right) in the Country Club of Orlando, a corporation, and upon Appellant's corporate stock in the Wall Street Holding Corporation (commonly known as the University Club). The Sheriff of Orange County, Florida, published *114 Notice of Sheriff's sale of Appellant's stock and this appeal followed the Court's denial of stay of execution.
Two questions are raised:
I. IS CORPORATE STOCK IN A "NOT FOR PROFIT CORPORATION" A PROPERTY RIGHT SUBJECT TO EXECUTION, LEVY AND SHERIFF'S SALE?
II. CAN THE SHERIFF EXECUTE AGAINST CORPORATE STOCK WHICH WAS ACQUIRED PRIOR TO JANUARY 1, 1967, BY PROCEDURE SET FORTH IN THE UNIFORM COMMERCIAL CODE F.S.A. 678.8-317, MUST THE SHERIFF LEVY UPON SUCH PRE-CODE ACQUIRED CORPORATE STOCK BY UTILIZING THE PROCEDURE SET FORTH IN FORMER SECTIONS OF THE FLORIDA CODE 55.25 to 55.31 WHICH WERE SPECIFICALLY REPEALED UPON THE ENACTMENT OF THE UNIFORM COMMERCIAL CODE?
The exact nature of the business of the two clubs is not reflected in the record but we assume that it is primarily social and recreational in nature, but can also afford some business opportunities to some of its members. The levy is on the stock owned by Appellant and not his membership. We would also assume, however, that one must retain stock in the organization in order to maintain his membership.
Florida Statute 56.061 describes property that is subject to execution:
"Lands and tenements, goods, and chattels, equities of redemption in real and personal property and stock in corporations, shall be subject to levy and sale under execution."
We are unaware of any Florida decisions answering the question probed. The case of Surf Club v. Long, 325 So.2d 66 (3d DCA 1975) recognized that proprietary members of that club had valuable assets which could be protected.
Chapter 56.061, Florida Statutes, made no distinction between profit or non-profit corporations. We see no reason we should. We hold that the stock owned by the Appellant in the two corporations described is subject to levy.
As to the manner of execution, we hold that the present provisions of Florida Statute 678.8-317 apply.
AFFIRMED.
DAUKSCH, C.J., CROSS, J., and McDONALD, PARKER LEE, Associate Judge, concur.